UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

IN RE: Abel Ramirez

Case No. 2:26-cv-00678-MMD-DJA

ORDER

Petitioner Abel Ramirez, an immigration detainee, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")), an application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and a motion for the appointment of counsel (ECF No. 1-2). The Court finds that good cause exists to grant the IFP application.

The Petition's only allegation is that Ramirez has been subject to "prolonged detention." (ECF No. 1-1 at 1.) Broadly construing the Petition, Ramirez asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001). (*Id.* at 5.) The Petition's sole allegation is of "prolonged detention." (*Id*. at 1.) Without more, it is insufficient to determine if Ramirez has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas*.

The Court nonetheless finds that appointment of counsel is in the interests of justice, given, among other things, the potential complexities of this case.[1] While the Court defers ruling on the Petition, the Court directs that the Petition be served on the United

///

---

[1]Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. *See* 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

States Attorneys' Office for the District of Nevada ("USAO") and on the Warden at the Nevada Southern Detention Center where Petitioner is detained.

It is therefore ordered that the Clerk of Court file the Petition (ECF No. 1-1).

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent the Petitioner and is directed to file a notice of appearance (or indicate its inability to represent the Petitioner) within seven days of the date of this Order. If the Federal Public Defender is unable to represent the Petitioner, alternate counsel will be appointed. Appointed counsel will represent the Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that the Clerk of Court send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

It is further ordered that the Clerk of the Court add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

It is further ordered that the Clerk of Court mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

It is further ordered that the USAO is not required to file a response to the Petition (ECF No. 1-1) at this time.

///

It is further ordered that FPD has 30 days to file either (1) an amended petition, or (2) a motion to dismiss the petition.

It is further ordered that that the Petitioner shall not be transferred out of this District until further order of the Court.[2]

DATED THIS 11th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").